UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 3 0 2019

Amy Newmann,

        Plaintiff,

—v—

Mediterranean Shipping Company,

        Defendant.

18 Civ. 10518 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

This case arises from a dispute between Plaintiff Amy Newmann and Defendant MSC Mediterranean Shipping Company S.A., erroneously sued as Mediterranean Shipping Company, over a shipment of paint to Ghana. Plaintiff, proceeding *pro se*, seeks compensatory damages stemming from her alleged inability to receive containers of paint upon their arrival to Ghana. Before the Court is Defendant's motion to dismiss the Complaint for failure to state a claim upon which relief can be granted. For the reasons provided below, Defendant's motion to dismiss Plaintiff's Complaint is GRANTED.

I.    BACKGROUND

The Court takes the following facts from Plaintiff's Complaint. Plaintiff is a small business owner who purchases paint in the United States and ships it to Ghana to sell there. Dkt. No. 4-1 (Compl.) at 5. In September 2015, she purchased eight containers of paint from a seller named David Smith, who then contracted with Defendant to ship the paint to Ghana. *Id.* at 3. Plaintiff traveled to Ghana to receive the containers, but when they arrived she was told that Smith had not paid the approximately $30,000 freight cost and, as a result, she could not receive

1

the goods. *Id.* Plaintiff then offered to pay the freight cost herself but was denied. *Id.* She remained in Ghana for about a month thereafter, and during this time Defendant refused to further address the issue or otherwise communicate with her. *Id.* at 4. When she returned to New York, Plaintiff visited Defendant's claims office but was not acknowledged by anyone there. *Id.* She subsequently sent several emails to Defendant that went unanswered. *Id.* The only information she was provided with in response to her inquiries was a notification that Defendant could not reach Smith. *Id.* At that point, Plaintiff again offered to pay the freight cost herself, but Defendant did not accede to this request. *Id.* Ultimately, the containers, which were subject to significant demurrage charges, were sold at auction. *Id.* at 5.

Plaintiff filed this suit against Defendant in New York Supreme Court on October 22, 2018. *See id.* On November 14, 2018, Defendant filed a notice of removal, removing the case to the Southern District of New York. *Id.* Defendant moved to dismiss Plaintiff's Complaint on November 20, 2018. Dkt. No. 8. Plaintiff filed her opposition to Defendant's motion on April 12, 2019, Dkt. No. 17, and Defendant submitted its reply on April 22, 2019, Dkt. No. 18.

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts the allegations in the Complaint as true and draws all reasonable inferences in favor of the non-moving party. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). Additionally, the Court construes all of Plaintiff's arguments liberally as "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

2

To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, "the complaint's 'factual allegations must be enough to raise a right to relief above the speculative level,' i.e., enough to make the claim plausible." *Arista Records, LLC, v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 555) (internal citations omitted). "Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

Defendant argues that Plaintiff's Complaint should be dismissed because the one-year statute of limitations in the Carriage of Goods at Sea Act bars her claim. Though a statute of limitations bar is an affirmative defense, the Court may consider the defense at the motion to dismiss stage because "a complaint can be dismissed for failure to state a claim pursuant to a Rule 12(b)(6) motion raising an affirmative defense if the defense appears on the face of the complaint." *Erokwu v. CMA-CGM*, 2010 WL 532525, at *1 (S.D.N.Y. Feb. 11, 2010) (quoting *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003)).

The Carriage of Goods at Sea Act governs "all contracts for carriage of goods by sea to or from ports of the United States in foreign trade." 46 U.S.C. § 30701 (Sec. 13). Under this statute, the "carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered." *Id.* (Sec. 3(6)). Accordingly, suits brought more than a year after

3

the goods were or should have been delivered are barred by this statute of limitations. For purposes of the statute, effective delivery occurs—and thus, the statute of limitations begins to run—when the goods are discharged from the vessel and "notice of the discharge and a reasonable opportunity for the inspection or removal of the goods" is provided. *Russul Corp. v. Zim Am. Integrated Shipping Servs. Co.*, 2009 WL 3247141, at *4 (S.D.N.Y. Oct. 5, 2009) (quoting *Universal Ruma Co. v. Mediterranean Shipping Co. S.A.*, 2000 WL 991393, at *3 (S.D.N.Y. July 19, 2000)).

The Carriage of Goods at Sea Act applies here because Smith, the seller and shipper of the containers of paint, contracted with Defendant, a carrier, to ship the containers by sea from the United States to Ghana. Though the containers were not ultimately delivered to Plaintiff because Smith neglected to pay the freight cost and Defendant refused to deliver them as a result, constructive delivery occurred when the containers were ready for delivery. *See Capital Partners Int'l Ventures, Inc. v. Danzas Corp.*, 309 F. Supp. 2d 1138, 1146 (N.D. Cal. 2004) (finding constructive delivery for purposes of the Harter Act, which defines constructive delivery "substantially the same as the [Carriage of Goods at Sea Act]," where the goods were ready for delivery but the carrier "refused to deliver the goods without being paid"); *cf. Russul Corp.*, 2009 WL 3247141, at *4–5 (finding, where the "goods at issue never arrived at their arranged destination because Defendant's vessel reversed course at the instruction of Customs," that delivery was effective when "Customs officially notified [plaintiff] . . . that its cargo had been seized"). Plaintiff alleges that she contracted with Smith to ship the containers in September 2015 and thereafter traveled to Ghana to receive the delivery. Dkt. No. 4-1 at 3. Though Plaintiff does not specifically allege when the containers arrived in Ghana, the Court cannot draw unreasonable inferences in her favor, and it would be unreasonable to infer that they did not

arrive there until October 2017—the time at which they would have had to have arrived to render her claim timely. Plaintiff's goods arriving more than two years after they were shipped may be "conceivable," but it certainly is not "plausible." *Twombly*, 550 U.S. at 570. Indeed, Defendant alleges that delivery was to be made in October 2015, Dkt. No. 8-1 at 3, an allegation Plaintiff does not contest, and there is no suggestion from either party that the containers arrived at their destination any later than October 2015, one month after Smith contracted with Defendant carrier to ship them to Ghana. Thus, the statute of limitations began to run in October 2015 and expired one year later, in October 2016. *See* 46 U.S.C. § 30701 (Sec. 3(6)). Plaintiff did not file this suit until October 22, 2018, two years after the expiration of the statute of limitations.

Plaintiff's suit is thus barred by the Carriage of Goods at Sea Act's statute of limitations, unless Defendant is estopped from asserting that defense. "It is well established that a COGSA defendant can be equitably estopped from asserting a time-bar defense." *United Perfume Inc. v. Evergreen Marine Corp. (Taiwan) Ltd.*, 2017 WL 5015779, at *7 (S.D.N.Y. Aug. 7, 2017) (quoting *Linmark Indus., Inc. v. M/V "RUHR EXPRESS"*, 1990 WL 102234, at *1 (S.D.N.Y. July 6, 1990)). "A defendant will be estopped from asserting the COGSA statute of limitations as a defense where a plaintiff can show that he was misled by the defendants into reasonably and justifiably believing that the statute of limitations would not be used as a defense or would be extended." *Mikinberg v. Baltic S.S. Co.*, 988 F.2d 327, 331 (2d Cir. 1993) (*overruled in part on other grounds, Norfolk S. Ry. v. James N. Kirby, PTY Ltd.*, 543 U.S. 14, 30 (2004)).

Plaintiff's Complaint does not allege grounds for applying equitable estoppel here. Plaintiff argues for the first time in her opposition to Defendant's motion to dismiss that Defendant "told [her] they were running an investigation," and she did not file suit within the statute of limitations period because she "could not file . . . a suit" while Defendant was

investigating her claim. Dkt. No. 17 at 1. However, even assuming Defendant misled Plaintiff into reasonably and justifiably believing that the statute of limitations would be extended pending the investigation, *see Mikinberg*, 988 F.2d at 331, Plaintiff herself concedes that this investigation was completed approximately one year after the containers were to be delivered, or in October 2016, and Plaintiff did not file this suit until *two years* after the investigation concluded. Dkt. No. 17 at 1. Thus, even interpreting Plaintiff's submissions "to raise the strongest arguments that they suggest," *Triestma*, 470 F.3d at 474, Plaintiff's suggestion that Defendant should be equitably estopped from asserting a statute of limitations defense for the additional year that the investigation took does not save her claim because she had two years— twice the length of the one-year statute of limitations—to file suit following the conclusion of the investigation and failed to do so. Accordingly, because Plaintiff did not file this suit within the limitations period provided by the Carriage of Goods at Sea Act and Defendant is not estopped from asserting a statute of limitations defense, Plaintiff's Complaint is dismissed without prejudice. *See Erokwu*, 2010 WL 532525, at *1.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted. Plaintiff's Complaint is dismissed without prejudice. If she wishes to file an amended complaint, she must do so within 30 days of the date of this Opinion and Order. Failure to do so will result in dismissal of her claim with prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an

6

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court will mail a copy of this Opinion and Order to Plaintiff, and that mailing will be noted on the public docket.

SO ORDERED.

Dated: September 30, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge